IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON RENEE CRAVER, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:22-cv-1884-N-BN |
| CHAMPION MORTAGE, ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Sharon Renee Craver has filed a *pro se* Qui Tam Suit Complaint for Damages, through which she explicitly alleges mortgage and insurance fraud; predatory lending; vicarious elder abuse; and theft by conversion and deception and seeks "an Emergency Injunction against all Defendants to immediately cease and desist their intentional fraudulent eviction actions." Dkt. No. 3.

Because Craver moves for leave to *proceed in forma pauperis* (IFP), *see* Dkt. No. 4, United States District Judge David C. Godbey referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Craver leave to proceed IFP through a separate order.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, insofar as she asserts a cause of action under 42 U.S.C. § 1983 requesting injunctive relief, because that claim is barred and since the Court otherwise lacks or should abstain from exercising its jurisdiction, the Court should

dismiss this lawsuit without prejudice.

Craver previously filed a lawsuit in this district regarding eviction proceedings in a state court in Kaufman County concerning the same property. *Compare, e.g.*, Dkt. No. 3 (compl.), ¶¶ 8, 11, *with Craver v. Champion Mortg.*, No. 3:22-cv-238-K-BN (N.D. Tex.), Dkt. No. 3 (compl.), ¶¶ 6, 8.

And the court dismissed the first lawsuit without prejudice, concluding that, "insofar [there was] jurisdiction over Craver's complaint, it should abstain from exercising jurisdiction over her claims." *Craver v. Champion Mortg.*, No. 3:22-cv-238-K-BN, 2022 WL 617622 (N.D. Tex. Feb. 4, 2022), *rec. accepted*, 2022 WL 614991 (N.D. Tex. Mar. 1, 2022) (*Craver I*).

Craver's latest allegations imply that the state court eviction proceeding remains pending. *See, e.g.*, Dkt. No. 3, ¶ 2 ("Plaintiff is herein also seeking issuance of an Emergency Injunction against all Defendants to immediately cease and desist their intentional fraudulent eviction actions until this matter is adjudicated by this Court and Jury Trial in the interest of Due Process of the law, and Justice that to date Plaintiff has not received solely because of the patent and obvious prejudice and bias against Plaintiff by the Court and favoritism for Defendants that bespeaks of collusion to deny and violate Plaintiffs Civil and Constitutional Rights."); *id.*, ¶ 8 ("[T]here is a very serious issue with Judicial Prejudice and Bias against Plaintiff in her existing Texas Case in this matter (Case Number 109970-422).").

So, insofar as there is a pending state lawsuit concerning the subject matter of the complaint, this lawsuit should be dismissed without prejudice for the same

reasons set out in *Craver I*:

At the outset, the Court must be satisfied that subject matter jurisdiction exists. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

As Craver has otherwise again not shown that the Court has jurisdiction over the claims that she may allege – by showing that jurisdiction exists under 28 U.S.C. § 1332, for example – Craver's facts are again construed as alleging a claim under 42 U.S.C. 1983. *See Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) ("A plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008))); *accord Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020).

At first, Craver's lawsuit appears to implicate the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments," 28 U.S.C. § 2283, and which "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions," *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990)

(footnotes and citations and omitted).[1]

But, insofar as Craver alleges that a state actor, specifically a state judge, has violated her constitutional rights, such a claim implicates Section 1983, "an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)).[2]

Section 2283 does not therefore prevent the Court from enjoining the state proceeding. But Section 1983 "does: it expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" *Hatton v. Combs*, 793 F. App'x 801, 803 (10th Cir. 2019) (quoting 42 U.S.C. § 1983; citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996,

---

[1] *Cf. Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 n.2 (5th Cir. 2008) ("'It must be remembered that the anti-injunction act limits federal remedies without ousting federal subject-matter jurisdiction.'" (quoting 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4469 at 82 n.19 (2d ed. 2002))).

[2] *See also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *Castaneda v. Lucas*, No. EP-19-CV-185-PRM-MAT, 2019 WL 4935445, at *3 (W.D. Tex. July 24, 2019) ("[A] claim of legal malpractice" does "not arise from the United States Constitution or federal statutes or treaties, [to] provide the Court with federal question jurisdiction over the claims."), *rec. accepted*, 2019 WL 4729426 (W.D. Tex. Sept. 27, 2019).

which provides that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable,' 42 U.S.C. § 1983." (citations omitted))).

Any Section 1983 claim that Craver may bring that attempts to enjoin the judge presiding over the state eviction proceeding based on alleged constitutional violations is therefore barred.

Further, to the extent that Craver's factually plausible constitutional claims – all related to the ongoing state proceeding – go beyond actions taken by the presiding judge in a judicial capacity, this Court should abstain from exercising its jurisdiction over those claims under *Younger v. Harris*, 401 U.S. 37 (1971), which, "following *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10-11 (1987), [ ] also applies 'when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government,'" *Health Net, Inc.*, 534 F.3d at 494.

Section 1983 "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Gates*, 885 F.3d at 880 (quoting *Mitchum*, 407 U.S. at 243; citing *Younger*, 401 U.S. at 43-47). And, under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. *Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings

involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) (*NOPSI*)); internal quotation marks omitted).

The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

Of the three exceptional categories identified in *NOPSI*, which "define *Younger*'s scope," *Sprint*, 571 U.S. at 78, the unique posture of this litigation – filed to request that a federal district court direct how a state court should conduct a pending proceeding – fits within the third, *see Pennzoil Co.*, 481 U.S. at 13-14 ("Both *Juidice[ v. Vail*, 430 U.S. 327 (1977),] and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*,

953 F.3d 660, 671 (10th Cir. 2020) ("[B]oth *Juidice* and *Pennzoil* involved requests to directly or indirectly thwart state court compliance processes." (citing *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."); *Zeeco, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-384-JED-FHM, 2017 WL 6539504, at *2 (N.D. Okla. Dec. 21, 2017) ("What *Younger*, *Juidice*, and *Pennzoil* have in common is that they all involved plaintiffs filing separate federal suits in an attempt to enjoin ongoing state proceedings."))).

The additional *Middlesex County* factors are present here: "In this case, the state proceedings are judicial in nature and represent important state interests, as state courts must be empowered to enforce their own orders and judgments. Moreover, [Craver] has had opportunities to raise his federal challenges in these state proceedings and there has been no procedural bar to his doing so." *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 949 (11th Cir. 2015) (per curiam); *see also Pennzoil Co.*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425; emphasis in

original)).

And, to the extent that state proceedings have concluded, such that no appeal was pending when Craver filed this lawsuit, this federal district court lacks jurisdiction "to modify or reverse" the state proceedings under the *Rooker-Feldman* doctrine. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *but see also Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

## Recommendation

The Court should dismiss this case without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE